## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC.<br>201 Gibraltar Road, Suite 150<br>Horsham, PA 19044<br>　　　　Plaintiff,<br>v.<br>RAYMOND DAVIDSON<br>1645 Elk Boulevard<br>Des Plaines, IL 60016<br>　　　　Defendant. | CIVIL ACTION<br><br><br><br>No. |

## COMPLAINT

1.  Plaintiff, AAMCO Transmissions, Inc. ("ATI"), is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2.  Defendant, Raymond Davidson ("Davidson"), is an adult individual who is a citizen of the State of Illinois with a principal place of business at 1645 Elk Boulevard, Des Plaines, IL 60016.

3.  This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein. This Court also has diversity jurisdiction pursuant to 28 U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy which exceeds $75,000 exclusive of interest and costs.

4.  Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Defendant has transacted business with ATI continuously over the last several years in this District and the claims arise under a contract that was made in this District.

## BACKGROUND

5. Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair centers. It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
| --- | --- |
| 851,209 | The name "AAMCO". |
| 860,330 | Pictorial representation containing the name "AAMCO". |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions". |

6. ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission repair centers throughout the United States and Canada.

7. The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission repair centers. As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

8. Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

9. ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith. To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

10. On April 1, 2009, ATI and Defendant Davidson entered into a franchise agreement, pursuant to which Defendant was authorized to use and have used the name and mark "AAMCO" in connection with the operation of an automotive repair center located at 1645 Elk Boulevard, Des Plaines, IL 60016 (the "Center"). The Franchise Agreement had a term of fifteen (15) years (i.e., through March 31, 2024). A true and correct copy of this franchise agreement (the "Franchise Agreement") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

11. There has been a Des Plaines Center operating under the AAMCO trademark long before the Defendant became an ATI franchisee and commenced operating in Des Plaines. The Center was first established under the AAMCO trademark in March of 1967, and has been advertised in the Des Plaines community as AAMCO ever since.

12. As provided under the Franchise Agreement, ATI shared with the Defendant its proprietary systems, information and trade secrets for opening and operating a successful automotive repair business which ATI had developed over its 50 year history.

13. In addition, Davidson was provided ATI's proprietary manuals, customer lists and software.

14. In a letter dated March 6, 2012, without any cause or warning, Defendant notified ATI that, effective March 3, 2012, Defendant stopped operating under his Franchise Agreement and no longer considered himself a franchisee of ATI. *See* letter attached hereto and made a part hereof at Exhibit "B".

15. Defendant has unilaterally terminated the Franchise Agreement and stopped reporting sales and paying the various payments to ATI required under the Franchise Agreement including franchise fees.

16. Section 19.2 of the Franchise Agreement, entitled "Procedures after Termination," provides that upon termination of the Franchise Agreement "for any reason", Defendant shall:

> (1) promptly pay AAMCO all amounts due and owing under this Agreement;
>
> (2) immediately and permanently discontinue the use of all AAMCO names and marks, signs, structures, all forms of advertising, telephone listings and service, manuals, software and all materials and products of any kind which are identified or associated with the System or AAMCO and return all such materials and products, including without limitation, the Operator's Manual, to AAMCO;
>
> (3) thereafter make no representations or statements for commercial benefit that Franchisee is or ever was in any way approved, endorsed, associated or identified with AAMCO or the System in any manner whatsoever or that Franchisee is a former AAMCO franchisee; provided, however, Franchisee shall reimburse AAMCO for all customer warranty repairs made within an applicable warranty period arising from work performed at the Center;
>
> (4) immediately take all steps necessary to amend or terminate any registration or filing of any fictitious name or any other registration or filing containing the AAMCO names and marks in order to effectuate the removal of the AAMCO names and marks from such registration or filing; and

    (5) thereafter refrain from establishing any HTML or other link between any web site created, maintained or used by Franchisee and AAMCO's home page(s) or other part of its web site(s).

*See* Franchise Agreement, ¶ 19.2(a), attached hereto at Ex. "A".

    17.    Section 20 of the Franchise Agreement, entitled "Covenant Not-to-Compete," provides in pertinent part that:

> Except for the business contemplated by this Agreement … during the term of this Agreement, Franchisee shall not engage in any business the same as, similar to, or in competition with any Center, AAMCO or the System…For a period of two (2) years after the termination of this Agreement for any reason…Franchisee shall not …within a radius of ten (10) miles of Franchisee's former Center and ten (10) miles of any other Center in operation at the time of termination or any Center that has commenced operation during the two-year period, begin or engage in any business the same as, similar to or in competition with such Center.

*See* Franchise Agreement, ¶ 20, attached hereto at Ex. "A".

    18.    Section 15 of the Franchise Agreement, entitled "Telephone Service," provides in pertinent part that:

> Franchisee acknowledges and agrees that all published telephone numbers and directory listings for the Center are the property of AAMCO ….AAMCO may transfer, suspend or remove Franchisee's telephone service for any published telephone numbers appearing under the AAMCO trade name or trademarks in directory listings, advertising and yellow pages advertising in the event of termination…of this Agreement.

*See* Franchise Agreement, ¶ 15, attached hereto at Ex. "A".

    19.    Despite the termination of his franchise and any further authority to continue in business under and the use of the AAMCO name, Defendant has refused to take the actions required by the Franchise Agreement to remove the AAMCO name and trademark from the Center and cease all use of ATI's systems and AAMCO merchandising materials there and, instead, using ATI's AAMCO advertised telephone number for the Center, has continued to

5

operate the Center under the name and style "AAMCO Transmissions", to hold himself out to be an authorized AAMCO franchisee, and to use the AAMCO trade name and trademark, without any license or right whatsoever. Further Defendant has failed and refused to return any of ATI's trademarked or proprietary items in his possession.

<u>COUNT I - TRADEMARK INFRINGEMENT</u>

20. ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 19 above.

21. Defendant has materially breached the terms and conditions of the Franchise Agreement by unilaterally, and without cause, terminating the Franchise Agreement thereby extinguishing any contractual right of Defendant to use ATI's marks.

22. Defendant has willfully and without justification failed and refused to comply with the post-termination provisions of the Franchise Agreement which requires Defendant to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

23. Unless Defendant is enjoined, ATI believes and therefore avers that he will continue his infringing use of the AAMCO trade name and trademarks at the Center.

24. Unless Defendant is enjoined, his continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

25. Defendant's continued failure and refusal to comply with those obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

26. The actions and conduct of Defendant as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

27. The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendant are irreparable and continuing, and ATI has no adequate remedy at law.

28. Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

29. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendant's profits at the Repair Center for the period since June 22, 2010, during which he has engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

<u>COUNT II - BREACH OF FRANCHISE AGREEMENT</u>
<u>SPECIFIC PERFORMANCE</u>

30. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 29 above.

31. As a result of the termination of Defendant's franchise, ATI is entitled to specific performance of Section 19.2 of the Franchise Agreement, which requires Defendant to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

32. The Franchise Agreement further provides in Section 20 that for a period of two years following termination, Defendant will not, directly or indirectly, engage in the automotive

repair business within a radius of ten (10) miles of the former Center, or within a radius of ten (10) miles of any other AAMCO center.

33. Defendant continues to operate an automotive repair business from the former Center location in violation of the covenant not-to-compete contained in the Franchise Agreement and in violation of ATI's trademark rights as stated in Count I above.

34. Defendant has misappropriated the goodwill generated under the AAMCO name and continues to use ATI's proprietary methods, systems, and materials, as well as the AAMCO advertised telephone number for the Center.

35. Defendant's failure to honor the procedures after termination stated in Section 19.2 of the Franchise Agreement and his conduct in continuing an automotive repair business within ten (10) miles of the former Center in violation of the covenant not-to-compete (i.e., Section 20 of the Franchise Agreement) interferes with ATI's ability to develop the market, retain goodwill and re-establish the presence of the AAMCO name in this market, all of which cause ATI irreparable harm.

36. ATI has no adequate remedy at law for damages, and unless specific performance of the procedures after termination and covenant not-to-compete is ordered and injunctive relief granted to restrain Defendants' violation of the covenant not-to-compete, ATI will continue to suffer irreparable harm.

COUNT III - COMMON LAW UNFAIR COMPETITION

37. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 36 above.

38. Defendant's conduct is in violation of the common law of unfair competition in that they are:

(a)  causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with his conducting of business at the former Center using ATI's trade name and trademarks;

(b)  causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of his conducting of business at the former Center; and,

(c)  representing to the public that his competing business has ATI's approval, which it does not.

39. These acts by Defendant have been committed willfully and with the intention of deceiving and misleading the public.

40. Defendant's unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

41. ATI is without an adequate remedy at law.

### COUNT IV - BREACH OF FRANCHISE AGREEMENT
### FAILURE TO PAY FRANCHISE AND OTHER FEES

42. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 41 above.

43. Defendant has failed to make certain payments to AAMCO which remain due and owing pursuant to the Franchise Agreement. To date, $3,871.44 remains due and owing from Defendant to AAMCO. This sum is comprised as follows:

| | | |
|---|---|---|
| Parts Account | $ | 73.00 |
| Recoverable Expense | | 513.06 |
| Nat'l Creative Adv. | | 150.00 |
| Internet Adv. | | 197.36 |
| Franchise Fees | | |
| Reported | | 469.80 |

|          |            |
|----------|-----------:|
| Estimated[1] | 1,514.64 |
| FOCUS    | 937.59     |
| Interest | 15.99      |
| Total    | $ 3,871.44 |

44.     In addition to the foregoing debt, Defendant is required, pursuant to Section 11.2(b) of the Franchise Agreement, to participate with other franchisees in their local advertising pool for the placement of local advertising.

45.     Pursuant to an agreement between Defendant and the Greater Chicagoland Advertising Pool, Defendant was required to pay a weekly sum into the pool to be used for local advertising.

46.     Defendant has failed and refused to honor their ad pool payment obligations and ceased making weekly payments even though they continued to receive the benefit of local AAMCO advertising that continued to be placed.

47.     Section 11.2(e) of the Franchise Agreement provides that in the event Defendant fails to promptly pay his local advertising pool for local AAMCO advertising, ATI is entitled to recover the amounts due from Defendant.

48.     Defendant has failed and refused to pay the sum of $23,169.96 which sum remains due and owing.

49.     Despite ATI's demands, Defendant has failed and refused and continues to fail and refuse to pay the monies due and owing.

---

[1] Defendants failed to remit three (3) weekly business reports for the weeks ending 3/31/12, 4/7/12 and 4/14/12 along with the applicable franchise fees. Accordingly, the franchise fees due and owing for these business reports have been estimated.

## COUNT V - BREACH OF FRANCHISE AGREEMENT
## LOST FUTURE ROYALTIES

50. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 49 above.

51. Defendant has breached the Franchise Agreement by wrongfully terminating the Franchise Agreement without cause effective March 3, 2012.

52. But for the wrongful unilateral termination of Defendant, ATI would have continued to earn and collect weekly franchise fees under the Franchise Agreement through March 31, 2024.

53. By terminating the franchise prematurely, Defendant has wrongfully deprived ATI of the franchise fees it would have been entitled to collect under the Franchise Agreement.

54. The amount of lost fees suffered by ATI is yet to be calculated but is estimated to be in excess of $500,000.

## COUNT VI – COSTS AND ATTORNEYS' FEES

55. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 54 above.

56. Pursuant to Section 26.3 of the Franchise Agreement, Defendant agreed to pay all costs incurred by ATI in bringing this action, including attorneys' fees.

57. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees.

58. Upon the filing of this Complaint, Plaintiff ATI has incurred a filing fee of Three hundred fifty dollars ($350.00) in this matter.

59. Plaintiff ATI has incurred and continues to incur attorneys fees in the pursuit of this action.

## COUNT VII – DECLARATORY JUDGMENT

60. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 59 above.

61. Pursuant to 28 U.S.C. §2201 and 42 Pa.C.S.A. §7533, this Court has jurisdiction to determine disputes between Plaintiff and Defendant concerning the validity, formation, operation and termination of the Franchise Agreement.

62. A dispute exists between Plaintiff and Defendant as to whether Defendant is in default of the Franchise Agreement and as to the termination of said agreement.

63. Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws. Neither Plaintiff nor its agents, employees, brokers or representatives made any misrepresentations or omissions of any material facts in connection with Defendant entering into the Franchise Agreement.

64. Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant.

65. Plaintiff has properly determined that Defendant was in violation of the Franchise Agreement as he, inter alia unilaterally terminated the Franchise Agreement, abandoned the Center, refused to pay sums due and owing under the Franchise Agreement, is operating a competing business, is wrongfully using ATI's AAMCO advertised telephone number in his competing business and is representing to customers that the competing business is AAMCO.

66. Pursuant to the Franchise Agreement, Plaintiff may terminate the Franchise Agreement for one or more of the breaches set forth above.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. demands a judgment in its favor and a declaration that the Franchise Agreement is valid, was properly entered into, that Plaintiff has fulfilled all of its obligations under the Franchise Agreement, that Plaintiff did not misrepresent and/or omit any material facts, that Plaintiff has not negligently or willfully caused damage to Defendant, and that Plaintiff may terminate Defendant under the Franchise Agreement for one or more of the breaches described in the above set forth Counts of this Complaint.

## RELIEF SOUGHT

WHEREFORE, ATI requests the following relief:

A. That Defendant, his agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from:

(i) using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;

(ii) advertising or otherwise holding himself out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by or connected or associated with ATI; and,

(iii) doing anything to cause potential purchasers of automotive repair services to believe that any services or repairs performed by Defendant or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI.

B. That Defendant deliver to ATI or to persons designated by the Court all materials, including without limitation signs, stationery, letterhead, forms, software, printed matter and advertising, which contain the proprietary marks "AAMCO", "AAMCO Transmissions", or similar names or marks.

C.      That Defendant transfer to ATI or at ATI's direction, each telephone number listed by him under the designation "AAMCO Transmission" or any similar designation and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number and if he shall fail to do so, that counsel for ATI be designated by the Court as his attorney-in-fact to execute such documents in his name and in his place.

D.      That Defendant be ordered to provide an accounting pursuant to 15 U.S.C.A. §1117(a), of his profits at his competing business and that these profits be awarded to ATI, along with all other damages for Defendant's violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

E.      That Defendant be ordered to honor the covenant not-to-compete contained in the Franchise Agreement, by ceasing to operate any automotive repair business for two years at or within ten (10) miles of the location of the closed Center or any other AAMCO center.

F.      That Defendant be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply herewith.

G.      That Defendant be awarded money damages as requested herein which damages have yet to be fully determined but which are believed to be in excess of $500,000.

H.      That the Court enter Declaratory Judgment that:

(i).     Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws;

(ii).    Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant;

    (iii). Plaintiff has properly determined that Defendant is in violation of the Franchise Agreement; and

    (iv). Plaintiff may properly terminate the Franchise Agreement.

  I. That ATI be awarded its reasonable attorneys' fees, costs of court and all other and further relief to which it may be entitled.

*/s/ William B. Jameson*

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900
